UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

MARLON O. EVANS,

    Petitioner,

v.                                                   Case No. 09-C-0494

MICHAEL THURMER,

    Respondent.

---

ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR BRIEFING SCHEDULE AND FOR SCHEDULE TO BE HELD IN ABEYANCE (DOC. #20), SETTING SCHEDULE, AND DENYING MOTION TO REVISIT APPOINTMENT OF COUNSEL AND EVIDENTIARY HEARING MOTIONS (DOC. #26)

Several motions filed by petitioner, Marlon O. Evans, require decision before this case can move forward. First, Evans asks for a briefing schedule which should be held in abeyance until respondent, Michael Thurmer, files the "full and entire record" as set forth on Exhibit A to his motion. Exhibit A includes numerous items from the State of Wisconsin trial and appellate courts, including several items that are already in the record, such as the judgment of conviction, transcripts from Evans's jury trial and several decisions from the Wisconsin Court of Appeals that are unfavorable to Evans.[1] It appears to this court, that none of the other items on the state court document list are necessary for this proceeding. For instance, the state trial court's order appointing counsel, a motion to adjourn trial, and letters between Evans and the state courts are irrelevant to the issues at hand. Inasmuch as Evans is seeking relief on only three grounds: (1) whether trial

---

[1] Respondent filed Exhibits A through S with his answer and two weeks later followed up with a supplemental set of Exhibits S through II. Evans's motion seeking the complete record appears to have crossed in the mail with the supplemental exhibits.

1

counsel was ineffective for failing to investigate and present alibi witnesses Kimberly Coleman and Andrea Davis, (2) whether trial counsel was ineffective for failing to investigate and present exculpatory evidence at trial, and (3) whether a statement Evans gave was involuntary and admitted improperly at trial, there is no need for all the listed documents. Moreover, Evans has not explained how the listed documents from his state court proceedings are necessary to litigate the issues raised in his petition and how the documents filed by respondent on September 9, 2009, (Doc. # 19) are incomplete. Further, if this court determines that it needs any additional documentation, it will direct respondent to produce it. Also, as Evans has filed his opening brief, the court will set a date for respondent's opposition brief and Evans's reply brief.

Next, Evans seeks reconsideration of the order denying his motion for appointment of counsel. He contends first that this court improperly addressed his motion for appointment of counsel under *Pruitt v. Mote*, 503 F.3d 647 (7th Cir. 2007), when it should have looked to the habeas-specific case of *Winsett v. Washington*, 130 F.3d 269, 281 (7th Cir. 1997), instead. Evans cites to *Forbes v. Edgar*, 112 F.3d 262, 264 (7th Cir. 1997), stating that he meets the criteria set forth in that opinion.

*Winsett* does not set forth a standard different from *Pruitt*. In *Winsett*, the Seventh Circuit indicated that for an appointment of counsel request in a habeas context under 18 U.S.C. § 3006A it reviewed the difficulty of the case and the litigant's ability to pursue his claims on his own to determine whether the petitioner could not obtain justice without an attorney and whether he had a reasonable chance of winning with a lawyer at his side. 130 F.3d at 281. The *Pruitt* analysis may stem from a 28 U.S.C. § 1915(e)(1) request for counsel but is essentially: "a two-fold inquiry into both the difficulty of the

2

plaintiff's claims and the plaintiff's competence to litigate those claims himself." *Pruitt*, 503 F.3d at 655. Thus, consideration is given to the complexity of the case and the ability of the petitioner to prosecute without the assistance of an attorney.

The *Forbes* approach is no different. In *Forbes*, the Seventh Circuit discussed consideration of "the difficulty of the case and the litigant's ability" in determining whether the plaintiff could obtain justice without an attorney and would have a reasonable chance of winning with one at her side. *Forbes*, 112 F.3d at 264. Indeed, Evans's use of *Forbes* shows how the standard is the same, as Forbes's motion was considered under § 1915.

For years, the Seventh Circuit has treated the standard for appointing counsel under 18 U.S.C. § 3006A in habeas cases as essentially the same as the standard for appointing counsel under 28 U.S.C. § 1915(e)(1) in other civil cases. Compare *Wilson v. Duckworth*, 716 F.2d 415, 418 (7th Cir. 1983) (stating that under § 3006A the court considers whether the merits of the claim are colorable, the ability of the indigent to investigate crucial facts, whether the nature of the evidence indicates that the truth will more likely be exposed if both sides have counsel, the capability of the petitioner to present the case, and the complexity of the legal issues), *with Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992) (stating that under § 1915 the court considers the merits of the indigent's claim for relief, the ability of the indigent party to investigate crucial facts unaided by counsel, whether the nature of the evidence indicates that the truth will more likely be exposed if both sides have counsel, the capability of the indigent party to present the case, and the complexity of the legal issues).

Other district courts within the Seventh Circuit have used the *Pruitt* standard regarding motions for appointment of counsel in habeas cases or have mentioned that the standards between habeas and other civil cases are the same. *See, e.g., Sowle v. Husz*, No. 09-C-1150, 2010 WL 145851, *3 (E.D. Wis. Jan. 8, 2010) (Randa, J.) (using *Pruitt*); *Williams v. Huibregtse*, No. 09-cv-204-slc, 2009 WL 2883042, *2 (W.D. Wis. Sept. 3, 2009) (Crocker, M.J.) (using *Pruitt*); *Jones v. Sherrod*, No. 07-cv-673-WDS, 2008 WL 3978765, *2 (S.D. Ill. Aug. 25, 2008) (Stiehl, J.) (noting the similarity between *Wilson* and *Jackson* and then citing to *Pruitt* for the current standard); *Jones v. McCann*, No. 08-cv-442-JPG, 2008 WL 2704905, *1 (S.D. Ill. July 9, 2008) (Gilbert, J.) (noting the similarity between *Wilson* and *Jackson* and then citing to *Pruitt* for the current standard).

In the event Evans were to obtain an evidentiary hearing, counsel may be appointed under Rule 8(c) of the Rules Governing § 2254 Cases. However, as discussed below, an evidentiary hearing is not warranted at this time.

Further, Evans contends that he needs an attorney to assist him in these proceedings because his incarceration prevents him from interviewing witnesses and an attorney will help expose the truth. Even so, the court continues to believe, based on Evans's filings to date, that Evans is able to prosecute this case. His filings are understandable and coherent. His brief discusses the standard of *Strickland v. Washington*, 466 U.S. 668 (1984). In addition, the court has the benefit of his attorneys' briefs on appeal and a substantial state-court record. As discussed below, no further evidence or investigation appears necessary. Evans's claims of ineffective assistance of counsel and violation of his privilege against self-incrimination are not complex; instead,

4

they are straightforward. Therefore, the court remains unpersuaded that Evans is entitled to appointed counsel at this time.

Finally, Evans asks that this court reconsider its denial of his motion for an evidentiary hearing. In denying Evans's first request for an evidentiary hearing, this court pointed to 28 U.S.C. § 2254(e)(2), which severely limits a petitioner's ability to obtain an evidentiary hearing. Evans is correct that § 2254(e)(2) applies only when the petitioner "has failed to develop the factual basis of a claim in State court proceedings," § 2254(e)(2), and that this language implies a lack of diligence on a petitioner's part, *Williams v. Taylor*, 529 U.S. 420, 430 (2000). "Under the opening clause of § 2254(e)(2), a failure to develop the factual basis of a clam is not established unless there is a lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." *Id.* at 432. Diligence "depends upon whether the prisoner made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court." *Id.* at 435. At a minimum, it requires that the prisoner seek an evidentiary hearing in state court in the manner required by state law. *Id.* at 437; *see also Davis v. Lambert*, 388 F.3d 1052, 1059-61 (7th Cir. 2004).

Evans contends that the strict guidelines for evidentiary hearings in habeas cases set forth in 28 U.S.C. § 2254(e)(2) do not apply in his case because he was not at fault for any failure to develop the state court factual record. He says he subpoenaed witnesses but the subpoenas were not served properly by the state court when his evidentiary hearing was rescheduled.

Regardless of whether Evans was blameless for his witnesses' failure to appear at his state-court evidentiary hearing, it is not clear that an evidentiary hearing is

necessary in this proceeding. Even if § 2254(e)(2) does not apply, an issue that the court does not determine at this time, Evans's request for a hearing would be evaluated under the standards existing prior to the Anti-terrorism and Effective Death Penalty Act. *Davis*, 388 F.3d at 1061. "Under pre-AEDPA standards, a federal evidentiary hearing is required only if (1) the petitioner alleges facts which, if proved, would entitle him to relief and (2) the state courts, for reasons beyond the control of the petitioner, never considered the claim in a full and fair hearing." *Id.*

At present, Evans's request for an evidentiary hearing falters at step one. It is not yet clear, and will not be clear until after briefing and consideration of the record, whether the testimony of Evans's witnesses will make any difference to the outcome. The record in this court appears to contain either the affidavits of these witnesses or other written descriptions of the testimony that Evans expects these witnesses would give at a hearing. Consequently, the court will consider whether the statements in the affidavits or descriptions of potential testimony would impact Evans's habeas case. If so, the court may order an evidentiary hearing. Therefore,

IT IS ORDERED that Evans's motion for briefing schedule (Doc. #20) is granted.

IT IS ORDERED that respondent's brief in opposition (not more than thirty pages) is due on or before October 4, 2010, and petitioner's reply brief (not more than fifteen pages) is due on or before November 18, 2010.

IT IS ORDERED that Evans's motion to hold briefing in abeyance and his implied motion seeking production of the entire state-court file (Doc. #20) are denied.

6

IT IS FURTHER ORDERED that Evans's motion to revisit motion for appointment of counsel (Doc. #26) is denied.

IT IS FURTHER ORDERED that Evans's motion to revisit motion for evidentiary hearing (Doc. #26) is denied.

IT IS FURTHER ORDERED that respondent include in his opposition brief a discussion of Evans's request for an evidentiary hearing.

Dated at Milwaukee, Wisconsin, this 19th day of August, 2010.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U. S. DISTRICT JUDGE